**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

WILLIAM TODD GIBSON,

Plaintiff,

v. CIVIL ACTION NO. 3:11-0001

UNITED STATES OF AMERICA,
RONALD D. BOWE, M.D.,
and ALLEN J. HOLMES, M.D.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This is an action filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, for alleged injuries caused by an employee of a community health center covered under the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g). Pending before the Court is the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction. [Doc. 6] For the following reasons, the Court **GRANTS** the motion, and **DISMISSES** the complaint against the United States.

## I. Background

The plaintiff William Todd Gibson ("Plaintiff") filed this action on January 3, 2011, claiming that he was injured by various acts of medical malpractice dating back to 2007. The named defendants in this case are the United States, Dr. Allen Holmes, and Dr. Ronald Bowe. Because this case has a history in this Court predating the instant action, the procedural facts warrant some discussion.

Plaintiff originally filed a civil action in the Circuit Court of Cabell County, West Virginia, alleging medical malpractice by Dr. Tamara Aman that occurred on November 29, 2007. The case was removed to this Court on December 18, 2009. *See Gibson v. Bowe*, No. 3:09-cv-01525 (S.D. W. Va. Dec. 18, 2009) (notice of removal) ("*Gibson I*"). On motion, the parties agreed that the United States should be substituted for Ms. Aman based on the fact that she had been acting within the scope of her employment as a federal employee under the United States Department of Health and Human Services ("DHHS") when the alleged injury occurred.[1] *See id.* (agreed order).

That case was dismissed on January 5, 2010, after the parties submitted an agreed order stipulating that Plaintiff had failed to exhaust his administrative remedies for purposes of asserting a claim against the United States as the substituted party under the terms and conditions of §§ 1346(b) and 2671-2680 of the FTCA. *See id.* The Court then dismissed *Gibson I* for lack of subject matter jurisdiction, and remanded the case back to the Cabell County Circuit Court. *Id.*

Plaintiff's current action concerns the same facts as *Gibson I*—albeit with the United States substituted for Dr. Aman.[2] After *Gibson I* was voluntarily dismissed, Plaintiff sent an SF-95 claim form to the DHHS by letter dated March 29, 2010. Def.'s Mot. to Dismiss Ex. 1, No. 6. The United

---

[1] The FTCA immunizes a federal employee from liability for his "negligent or wrongful acts or omission[s that occur] . . . while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). If the United States Attorney certifies that the employee is acting within his or her employment at the time of the incident out of which the underlying claim arises, then the United States may be substituted for the party. *See id.* § 2679(d)(1).

[2] Both Dr. Bowe and Dr. Holmes were added because, according to Plaintiff, they are necessary parties inasmuch as they, along with Dr. Aman, committed negligent acts that jointly caused and contributed to his injury. Plaintiff specifically alleges that the defendants negligently disregarded clear signs and symptoms of spinal cord myelopathy and compression, diagnosing Plaintiff instead with mere lower back pain without conducting further investigation.

States now claims that Plaintiff has failed to satisfy applicable post-dismissal procedural requirements in that he failed to properly present his administrative claim to the DHHS within 60 days after *Gibson I* was dismissed as required by the provisions of the FTCA. *See* 28 U.S.C. § 2679(d)(5).

**II. Discussion**

The United States contends that Plaintiff failed to timely present his administrative tort claim to the appropriate governmental agency. It thus moves to dismiss this action for lack of subject matter jurisdiction.

Federal courts possess "only the jurisdiction authorized them by the United States Constitution and by federal statute." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). Federal Rule of Civil Procedure 12(b)(1) permits a party to move for dismissal for lack of subject matter jurisdiction. In such cases, the Fourth Circuit has explained that the plaintiff has the burden of establishing a factual basis for jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In ruling on a 12(b)(1) motion, the court may consider the pleadings' allegations as jurisdictional evidence. *Id.* (citing *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)).

**A. Notice**

The Federal Employees Liability and Reform and Tort Compensation Act of 1988 (the "Westfall Act") created a mechanism for transforming tort claims against federal employees into claims against the United States under the FTCA. *See* 28 U.S.C. 2679. "It thus subjected them to the FTCA's requirement that claims be initially presented to the responsible agency within two years after the claim accrued, and filed in court within six months after denial by the agency." *Mittleman*

*v. United States*, 104 F.3d 410, 412 (D.C. Cir. 1997) (citing 28 U.S.C. §§ 2401(b), 2675(a)). The FTCA further contains a special provision protecting plaintiffs who fail to properly present an administrative claim prior to instituting a civil action where the United States is substituted as a defendant pursuant to 28 U.S.C. § 2679(d)(1) and the case is dismissed for failure to exhaust administrative remedies. Under these circumstances, the plaintiff is given a second chance to assert his claim. 28 U.S.C. § 2679(d)(5). Pertinently, § 2679(d)(5) provides**:**

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if–
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

*Id.*

Plaintiff's injury allegedly occurred on November 29, 2007, but he ultimately failed to present a written claim to the DHHS until March 29, 2010, well over two years later. Because Plaintiff's original State lawsuit was filed on November 11, 2009, before the end of the two-year presentation period elapsed, and because the United States substituted itself as a party defendant and moved to dismiss the underlying action once it was removed to federal court, Plaintiff's claim qualifies for application of the savings clause in § 2679(d)(5). The United States contends that Plaintiff failed to satisfy the requirements of § 2679(d)(5), however, in that he did not formally present his administrative tort claim to the DHHS within 60 days of dismissal of *Gibson I*.

Presentment of an administrative claim under the FTCA to the appropriate government

agency is a jurisdictional requirement. *See McNeil v. United States*, 508 U.S. 106, 111-12 (1993). In this case, Plaintiff had a second opportunity to present his administrative claim to the DHHS under the provisions in § 2679(d)(5). He was required to do this within 60 days of dismissal of *Gibson I*. Instead, he filed a formal SF-95 with the DHHS on March 29, 2010.[3] As *Gibson I* was dismissed on January 5, 2010, Plaintiff's claim was over 20 days late.

Plaintiff offers two excuses. First, he contends that, pursuant to West Virginia law, he sent a Notice of Claim and a Certificate of Merit to Dr. Aman on September 22, 2009. He claims that these documents outlined the facts in his case, and gave the United States actual notice of his claim. Second, he argues that the United States clearly had written notice of the claim because it was aware of *Gibson I*. After all, he submits, it was the United States who removed the case from Cabell County Circuit Court and moved to substitute itself for Dr. Aman. For these reasons, Plaintiff contends that he essentially satisfied the requirements of claim "presentment," and that in any event, the United States was not prejudiced by his conduct. The Court addresses the arguments in reverse order.

Plaintiff cites no authority for his first assertion that merely providing informal notice to the United States of a potential claim constitutes proper presentment, and the Court does not find this position persuasive.[4] As noted, the law simply states that a plaintiff asserting a claim against the

[3] Plaintiff alleges that his injury occurred on November 29, 2007. He does not argue any other issues related to claim accrual.

[4] The United States further points out that the Notice of Claim and Certificate of Merit provided to Dr. Aman do not fulfill the "presentment" requirement for another reason: under the FTCA, an administrative claim must contain a "sum certain" to be valid. 28 U.S.C. § 2675(a)-(b); 28 C.F.R. § 14.2(a). Neither the aforementioned documents nor the complaint filed in Cabell County specified a "sum certain" of damages. The United States claims that this is a fatal defect. *See Kokotis v. United States Postal Serv.*, 233 F.3d 275, 278 (4th Cir. 2000).

United States under the FTCA must exhaust his administrative remedies by *formally* presenting the claim to the United States prior to initiating a lawsuit in the district court. *See* 28 C.F.R. § 14.2(a); *see also Henderson v. United States*, 785 F.2d 121, 125 (4th Cir. 1986) (holding that the filing of a suit in state court did not satisfy the requirement of filing an administrative claim with the appropriate government agency); *Plyer v. United States*, 900 F.2d 41, 42 (4th Cir. 1990). This permits the government agency the first opportunity to assess the claim internally. Bare allegations of injury in a civil complaint cannot adequately inform an agency of a claim's factual predicate.

The FTCA constitutes a limited waiver of the sovereign immunity of the United States. *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). Because all sovereign immunity waivers are strictly construed, "it is the plaintiff's burden to show that an unequivocal waiver . . . exists" and that no exceptions apply. *Welch v. United States*, 409 F.3d 646, 650-51 (4th Cir. 2005). Adopting Plaintiff's argument would inhibit the underlying purpose behind the exhaustion requirement. As one court put it:

> The FTCA states that "*an action shall not be instituted* upon a claim against the United States [or its employees] . . . unless the claimant *shall have first presented* the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a) (emphasis added). Applying this "unambiguous" language in *McNeil v. United States*, the Supreme Court held that exhaustion of administrative remedies is a prerequisite under the FTCA to any "invocation of the judicial process." 508 U.S. 106, 111-13, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993). Since administrative exhaustion must come "first," the initiation of a judicial proceeding cannot simultaneously serve to present an administrative claim, as required by the FTCA.

*Guzman v. Adeleye*, No. 09-c-514, 2010 U.S. Dist. LEXIS 24402, at *11 (N.D. Ill. March 16, 2010). When *Gibson I* was before this Court, the Court dismissed it because it had no jurisdiction due to the fact that Plaintiff had not yet exhausted his administrative remedies. It is senseless to conclude

that his claim could be dismissed for this reason, and to yet find simultaneously that he could satisfy the exhaustion requirement merely because the government agency had informal notice of his allegations via the complaint. What, in this view, would be the purpose of dismissing with leave to exhaust, and the exhaustion requirement itself?

Similarly, the Court refuses to credit Plaintiff's argument that his transmission of the Notice of Claim and Certificate of Merit to Dr. Aman on September 22, 2009 meets the substantive requirements of formal presentment under the FTCA. Putting aside the fact that Plaintiff previously agreed that these documents did not satisfy the exhaustion requirement, the Court cannot change the clear legislative and regulatory mandates stemming from the FTCA. "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident" 28 C.F.R. § 14.2(a); *see also* 28 U.S.C. § 2401(b) (noting that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"); *Guzman*, 2010 U.S. Dist. LEXIS 24402, at *10 n. 5 ("In order to present an administrative claim, a written notice (typically a Standard Form 95) must give 'sufficient notice to enable the agency to investigate the claim.'" (citing *Palay v. United States*, 349 F.3d 418, 426 (7th Cir. 2003))). That is, Plaintiffs are always required to formally present their claims in writing *to the agency* before asserting them in court against the United States as defendant. While § 2679(d)(5) provides a limited exception to this general requirement, it nonetheless only gives plaintiffs an additional 60 days to comply. Here, Plaintiff did not formally present his claim to the DHHS within 60 days after dismissal of *Gibson I*, and therefore failed to exhaust his administrative remedies.

**B. Equitable Tolling**

Plaintiff argues that equitable tolling should bar the application of § 2679(d)(5)'s requirements in this case. The Fourth Circuit has previously held that the FTCA's general statute of limitations is jurisdictional. *See Kokotis*, 223 F.3d at 278; *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990). It has not addressed whether the 60-day extension period under § 2679(d)(5) should be subject to equitable tolling.

The court may equitably toll a statute of limitations where, "due to circumstances external to the party's own conduct[,] it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *See Harris v. Hutchison*, 209 F.3d 325, 330 (4th Cir. 2000); *see also Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (noting that, where available, equitable tolling may rescue a claim that is otherwise barred as untimely if the plaintiff has been prevented from filing in a timely manner due to inequitable circumstances). The authorities are split on whether courts maintain the discretion to equitably toll the FTCA limitations period, notwithstanding its jurisdictional nature. *Compare Hughes v. United States*, 263 F.3d 272, 278 (3d Cir. 2001) (suggesting that the extent to which the FTCA's limitations period is jurisdictional determines whether a court may apply equitable tolling) *with T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 961 (8th Cir. 2006) (noting that, notwithstanding the jurisdictional nature of the FTCA's limitations period, there is nothing preventing the application of equitable tolling).

It is not clear to the Court that equitable tolling applies because of the Fourth Circuit's strict position on the jurisdictional nature of the FTCA's general statute of limitations. However, even if the Court were to assume that it could apply, Plaintiff is still unlikely to succeed. His sole

contention is that equitable tolling should apply because, after he filed his administrative claim on March 29, 2010, the DHHS offered his case for early resolution, but failed to respond in any manner after early resolution was denied. Therefore, it essentially left him hanging without a decision. What Plaintiff neglects to point out is that, had he filed his case within 60 days of dismissal of *Gibson I*, the claim would have related back to satisfy the FTCA's limitation period pursuant to § 2679(d)(5). All of the undue "delay" to which Plaintiff refers occurred *after* he presented his claim to the DHHS in an untimely fashion. He makes no argument that it was the fault of the United States for his failure to comply with the 60-day deadline, and equitable tolling is inapplicable where a party, due to his own neglect, simply fails to timely act on an otherwise ripe claim. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Plaintiff clearly had notice of his recourse under § 2679(d)(5)'s 60-day limitation period because its provisions were explicitly detailed in the briefing that led to the original agreed order of dismissal in *Gibson I*. Mere "failure of counsel to file within the statutory time frame" is an excuse that is "poorly received" by the Court. *See Bohrer v. City Hosp., Inc.*, 681 F. Supp. 2d 657, 675 (N.D. W. Va. 2010). For these reasons, the Court rejects Plaintiff's request for the application of equitable tolling.

## III. Conclusion

In light of the foregoing, the Court **GRANTS** the United States's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 6], and **DISMISSES** the complaint against the United States. The Court further **ORDERS** that because federal court jurisdiction was premised on 28 U.S.C. § 1346(b) and the United States is no longer a party, the claims made against Ronald D. Bowe and Allan J. Holmes are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: March 22, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE